**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOY LEE BARNHART, | No. 13-36036 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00090-TOR |
| v. | |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief District Judge, Presiding

Argued and Submitted June 9, 2016
Seattle, Washington

Before: EBEL,[**] PAEZ, and BYBEE, Circuit Judges.

Plaintiff-appellant Joy Barnhart filed suit against defendant-appellees

Fidelity National Title Insurance Co., Homeward Residential, and Wells Fargo

Bank alleging claims arising out of the attempted non-judicial foreclosure on

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable David M. Ebel, Senior Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

property she obtained from her mother, Virginia Barnhart, who had taken out a loan secured by the property prior to her death. Plaintiff brings claims for damages under the Washington Deed of Trust Act ("DTA"), and the Washington Consumer Protection Act ("CPA"), as well as claims for intentional and negligent misrepresentation. The district court granted the defendants' motion to dismiss with prejudice, analyzing all of Barnhart's claims together and finding that Barnhart had no standing to bring her claims for damages under the DTA. The district court also dismissed as moot Barnhart's claim for injunctive relief under the DTA, because the defendants cancelled the foreclosure sale and conceded that, in light of Virginia Barnhart's death, foreclosure must now proceed judicially. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse and remand in part.

We review the decision on a motion to dismiss de novo. *See Watson v. Weeks*, 436 F.3d 1152, 1157 (9th Cir. 2006). Because Barnhart raised no argument on appeal regarding her claims for negligent and intentional misrepresentation, these claims are waived and we do not consider them. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

Regarding Barnhart's claims for damages under the DTA, *see* Wash. Rev. Code § 61.24.127(1),[1] even assuming that Barnhart is a "grantor" or "borrower" within the meaning of the DTA who would have standing to bring a damages claim, the Washington Supreme Court has held that no damages action may be brought where no foreclosure sale has occurred. *Frias v. Asset Foreclosure Servs., Inc.*, 334 P.3d 529, 537 (Wash. 2014). The defendants here cancelled the foreclosure sale upon learning that Virginia Barnhart, the original borrower, had died. No sale took place, therefore Barnhart's claim for damages is barred under *Frias*. *See id.* ("[T]here is no actionable, independent cause of action for monetary damages under the DTA based on DTA violations absent a completed foreclosure sale."); *Lyons v. U.S. Bank Nat'l Ass'n*, 336 P.3d 1142, 1147 (Wash. 2014) ("Without the sale of the property, damages are not recoverable under the DTA.").

Likewise, the district court properly dismissed as moot Barnhart's claim for injunctive relief, as the defendants have conceded that foreclosure must proceed

---

[1] The DTA creates a statutory cause of action for damages resulting from violations of the DTA, which may be brought by either the grantor of the deed of trust or the borrower who incurred the loan obligation. *See* Wash. Rev. Code § 61.24.127(1) ("The failure of the borrower or grantor to bring a civil action to enjoin a foreclosure sale under this chapter may not be deemed a waiver of a claim for damages . . . .").

3

judicially in light of Virginia Barnhart's death. As to the dismissal of the DTA

damages claim and the claim for injunctive relief, we affirm.

However, Barnhart also brought separate claims under the CPA, *see* Wash.

Rev. Code §§ 19.86.020, .090, *premised* on DTA violations. In *Frias*, the state

supreme court noted that DTA violations could also be compensable under the

CPA, even where no foreclosure sale has occurred. 334 P.3d at 537; *see also*

*Lyons*, 336 P.3d at 1148 ("The availability of redress for wrongs during non-

judicial foreclosure under the CPA is well supported in our case law."). Those

claims should be analyzed like any other CPA claim. *Frias*, 336 P.3d at 537. To

prove a CPA claim, a plaintiff must show: (1) an unfair or deceptive act or

practice; (2) occurring in trade or commerce; (3) a public interest impact; (4) that

the plaintiff suffered injury to her business or property; and (5) causation. *See,*

*e.g.*, *Bain v. Metro. Mortg. Grp., Inc.*, 285 P.3d 34, 49 (Wash. 2012). The district

court did not address Barnhart's CPA claims independently of her DTA damages

action, although it is clear that these are separate causes of action with distinct

elements. This led appellant's counsel to conclude that by raising her arguments

regarding the DTA claim on appeal, she also addressed the CPA claims. Because

of the confusion caused by the district court's decision, we find that the CPA

claims have not been waived on appeal. Because the CPA claims were not

4

addressed below, we reverse the dismissal of these claims and remand for the district court to consider the CPA claims in the first instance in light of *Frias*, 334 P.3d 529. We express no views as to the merits of these claims.

AFFIRMED in part, REVERSED AND REMANDED in part. The parties shall bear their own costs on appeal.